# In the United States Court of Federal Claims

No. 21-1836
(Filed: October 1, 2021)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| HOWARD A. GRIFFEN II, * | |
| * | |
| Plaintiff, * | |
| * | *Pro Se* Complaint, *Sua Sponte* |
| v. * | Dismissal for Lack of Subject-Matter |
| * | Jurisdiction; RCFC 12(h)(3). |
| THE UNITED STATES, * | |
| * | |
| Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Howard Griffen II*, Memphis, TN, *pro se*.

*Stephen J. Smith*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge**

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988). Howard Griffen, proceeding *pro se*, seeks monetary damages from his former private-company employer arising out of alleged Title VII violations. Because this Court lacks jurisdiction over claims against entities other than the United States, the Court must dismiss Mr. Griffen's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.

**I.   BACKGROUND**

In his complaint, Howard A. Griffen II, a *pro se* plaintiff, alleges that his former employer, a private company, engaged in workplace racial discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964. Compl. at 1, ECF. No 1. Mr. Griffen alleges that his racial discrimination and sexual harassment claims were brought to the attention of management and that his former employer terminated him in retaliation for such disclosures. *Id*. at 3-4. Mr. Griffen seeks compensatory damages from his former employer arising out of lost wages, emotional distress, and requests award of court fees. *Id*. at 5.

## II. DISCUSSION

"Subject-matter jurisdiction may be challenged at any time . . . by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Although *pro se* plaintiffs are held to a "far less stringent standard," they must still meet the Court's jurisdictional requirements. *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *see St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019).

The Tucker Act limits this Court's jurisdiction to "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018) (emphasis added). "[I]f the relief sought is against others than the United States," then the suit must be dismissed for lack of jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Upshaw v. United States*, 755 F. App'x 980, 981-82 (Fed. Cir. 2018). Furthermore, this Court does not have jurisdiction over Title VII claims. *Taylor v. United States*, 310 F. App'x 390, 392 (Fed. Cir. 2009) ("Because Title VII vests jurisdiction over discrimination claims exclusively [in federal district courts], the Court of Federal Claims cannot exercise jurisdiction[.]").

Upon a *sua sponte* review, the Court finds that it lacks jurisdiction over Mr. Griffen's complaint because his claims are directed against his former employer, a private company. *See* Compl. at 2. Because Mr. Griffen does not assert a cause of action against the United States, this Court does not have jurisdiction to hear his claims. Accordingly, his complaint must be dismissed for lack of subject-matter jurisdiction.

## III. CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3). The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                s/ Thompson M. Dietz
                                                THOMPSON M. DIETZ, Judge